```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEROME JONES,

                    Plaintiff,                                  OPINION AND ORDER

          - against -                                           18 Civ. 5953 (NG)(LB)

CHARTER COMMUNICATIONS LLC,

                    Defendant.
------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 22 2019 ★
BROOKLYN OFFICE

**GERSHON, United States District Judge:**

This action arises out of claims by plaintiff Jerome Jones against his previous employer, defendant Charter Communications LLC ("Charter"), for employment discrimination under the New York City and New York State Human Rights Laws.

By way of background, on March 21, 2018, plaintiff filed an initial complaint in Kings County Supreme Court alleging that he was suspended by defendant and deprived of "equal employment opportunities based upon race and retaliation" under the New York City Human Rights Law, N.Y. Admin. Code §§ 8-101, et seq. ("NYCHRL"). On May 17, 2018, defendant was served with the summons and complaint. Following a motion to dismiss, an amended complaint was filed by plaintiff on August 2, 2018, but not deemed the operative complaint until October 3, 2018. The amended complaint added the fact that defendant had terminated plaintiff's employment on April 28, 2017 and added a racial discrimination claim pursuant to the New York State Human Rights Law, N.Y. Exec. Law §§ 291, et seq. ("NYSHRL").

Neither the initial complaint nor the amended complaint contain an *ad damnun* clause and both allege only that plaintiff seeks "compensatory damages including but not limited to back pay" and compensatory damages for pain and suffering. Defendant alleges that on July 3, 2018, during discovery in state court, it served an interrogatory request on plaintiff seeking a computation of

1

each category of his alleged damages. The parties do not dispute that plaintiff did not respond to this request, and defendant never attempted to compel a response during the following three and a half months that the parties continued in state court.

On October 24, 2018, defendant removed the case to federal court based on diversity jurisdiction. Plaintiff now moves to remand this action, arguing that diversity jurisdiction does not exist because defendant has not established that the amount in controversy exceeds $75,000.

## DISCUSSION

A defendant is permitted to remove from state court to federal court any civil action over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). However, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant invokes the federal court's jurisdiction based solely on diversity of citizenship. As the party invoking the jurisdiction of this court, defendant bears "the burden of establishing that the requirements for diversity jurisdiction were met." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). There is no challenge to the diversity of the parties. Under 28 U.S.C. § 1332(a), for federal jurisdiction to exist based on diversity of citizenship, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

Where there is no dollar amount alleged in the complaint and the action is in federal court by a notice of removal, the defendant "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304–05 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994); *see Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir.

2014); *Mehlenbacher*, 216 F.3d at 296. "Removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional minimum]." 28 U.S.C. § 1446(c)(2)(B).

For the reasons that follow, I find that defendant has not met its burden of proving that there is a reasonable probability that the amount in controversy exceeds $75,000.

## CALCULATION OF DAMAGES

In its notice of removal dated October 24, 2018, in order to establish the amount in controversy, defendant alleged that it estimated that plaintiff's back pay totaled $40,110 (May 1, 2018 through October 24, 2018); his lost future wages for one year totaled $82,713.14 (October 25, 2018 through October 24, 2019); his compensatory damages totaled $20,000; and his attorneys' fees totaled $21,000; for a grand total of $163,823.14. In its opposition to plaintiff's motion for remand dated March 13, 2019, defendant collapsed its calculations for back pay and front pay into a single claim for back pay totaling $122,823.17 (May 1, 2018 through October 24, 2019), while continuing to allege compensatory damages totaling $20,000 and attorneys' fees totaling $21,000, for the same grand total of $163,823.14. For purposes of this motion, I consider defendant's description of the period from May 1, 2018 through October 24, 2018 as back pay and the period of October 25, 2018 through October 24, 2019 as front pay.

I address below whether the specific claims for damages that defendant alleges are sought by plaintiff may be considered in calculating the amount in controversy. As an initial matter, however, I note that, despite defendant's repeated statement that plaintiff "conceded" the amount in controversy, plaintiff's motion for remand expressly states that "the amount in controversy is less than seventy five thousand dollars," and defendant has not pointed to a single statement in which plaintiff indicated that the amount in controversy exceeds $75,000. Relatedly, defendant

argues that remand should be denied because plaintiff failed to produce evidence that the amount in controversy is less than $75,000. Such an argument improperly places the burden on plaintiff. Defendant alone bears the burden of proving its right to be in federal court.

I.  **Back Pay**

In order to establish the value of plaintiff's claim for backpay, defendant provided the declaration of Sharon Lewis, the Director of Human Resources at Charter to show that plaintiff earned $82,713.14 "in W-2 income" from Charter in 2017 and that plaintiff's salary for 2018 was the same prior to his termination. Plaintiff has not challenged the validity of this evidence.

An award of back pay is intended to place an injured plaintiff in the same position he or she would have been in but for the defendant's acts of discrimination. *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). The appropriate measure for back pay under the NYSHRL or NYCHRL in a wrongful termination case is the difference between the amount of salary or wages that the plaintiff would have received had he or she continued to work for the defendant-employer, less any amounts actually earned during the period between the date of discharge and the date the discrimination was rectified. *See Cavalotti v. Daddyo's BBQ, Inc.*, 2018 WL 5456654, at *26 (E.D.N.Y. Sept. 8, 2018) (interpreting NYCHRL); *Gleason v. Callanan Indus. Inc.*, 203 A.D.2d 750, 753 (3rd Dep't 1994) (interpreting NYSHRL).

However, the Second Circuit "generally evaluate[s] jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Wurtz*, 761 F.3d at 239 (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2006)); *see Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010); *United Food*, 30 F.3d

4

at 301. Accordingly, in a case such as this, a potential award for back pay should be calculated from the date of the termination through the date the defendant files the notice of removal.

To support his position that back pay should instead be calculated through a date six months in the future, defendant relies on *Brown v. Austrian Airlines*, 1997 WL 913334 (E.D.N.Y. 1997), *Kreher v. Alterra Health Care Corp.*, 2005 WL 2233206 (W.D.N.Y. Sept. 13, 2005), *Lowe v. Sears Holding Corp.*, 545 F. Supp. 2d 195 (D.N.H. 2008), and *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341 (S.D.N.Y. 1996). Each of those cases permitted a calculation of the plaintiffs' pay continuing through the decision on remand where the plaintiffs sought front pay or reinstatement. They do not stand for the proposition that a claim for back pay—absent a claim for front pay or reinstatement—can be calculated through the date of a remand decision. In one case defendant relies on, *Ubal-Perez v. Delta Airlines Inc.*, 2014 WL 223227 (E.D.N.Y. Apr. 27, 2015), the plaintiff did seek compensation only for back pay, and the court permitted the calculation of damages through the date of the court's decision on the motion to remand. But to reach that position, *Ubal-Perez* relied solely on *Chisholm v. Mem'l Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573, 576 (S.D.N.Y. 2011), which merely addressed the appropriateness of a jury's award of front pay based on a violation of NYCHRL; *Chisolm* did not discuss whether and when back pay could be considered for amount in controversy purposes. I therefore decline to follow *Ubal-Perez*.

For the purpose of determining the amount in controversy, defendant has proven by a preponderance of the evidence that plaintiff's claim for back pay is for the amount of $40,110.

## II. Front Pay or Reinstatement

In addition to back pay, under NYSHRL and NYCHRL courts have discretion to award front pay—*i.e.*, the salary and benefits the plaintiff would have received, from the date of the

judgment to a reasonable date in the future, but for the defendant's unlawful conduct. *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1190 (2d Cir. 1992) (front pay award under NYSHRL upheld), *cert. denied*, 506 U.S. 826 (1992). The NYSHRL and the NYCHRL also explicitly authorize reinstatement of an unlawfully terminated employee to his or her former position. N.Y. Exec. Law §§ 297(4)(c)(ii), (9); N.Y.C. Admin. Code § 8-120(a)(1); *Beame v. DeLeon*, 639 N.Y.S.2d 272, 276 (N.Y. 1995) (orders of "hiring, reinstatement or upgrading of employees" are among the remedies available under NYCHRL).

Front pay is appropriate "in cases where the factfinder can reasonably predict that the plaintiff has no reasonable prospect of obtaining comparable alternative employment" and where it can be calculated without undue speculation. *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 729 (2d Cir. 1984). Moreover, an award of front pay is within a court's discretion and is appropriate when reinstatement is not a suitable remedy for the defendant's discriminatory discharge. *See id.*

Defendant argues that, because plaintiff's amended complaint seeks "compensatory damages including but not limited to back pay," plaintiff is seeking front pay or reinstatement. Defendant uses a year from the date of removal as the terminus for the calculation of front pay but it does not explain how it reached this decision. Significantly, neither of plaintiff's complaints seeks reinstatement or front pay. For this reason, an award of front pay, which is already a discretionary form of relief, would be entirely speculative at this time. I decline to consider front pay in my calculation of the amount in controversy.

### III. Attorneys' Fees

Defendant argues that, because the amended complaint seeks reimbursement for attorneys' fees, they should be included in the calculation of the amount in controversy. "Attorneys' fees

may be used to satisfy the amount in controversy only if they are recoverable as a matter of right pursuant to statute or contract." *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85 (2d Cir. 2012). Neither party argues that any contract between them provided for the provision of attorneys' fees to the prevailing party. Consequently, attorneys' fees may be considered in the amount in controversy only if required under the New York City or New York State Human Rights Laws under which plaintiff sues.

Pursuant to NYSHRL, attorneys' fees may be awarded only in cases of housing discrimination, housing-related credit discrimination, and employment discrimination or credit discrimination where sex is the basis for such discrimination. N.Y. Exec. Law § 297 (McKinney); *see Berdini v. Nova Sec. Grp.*, 2015 WL 5540735, at *10 (E.D.N.Y. Sept. 2, 2015), *report and recommendation adopted*, 2015 WL 5541233 (E.D.N.Y. Sept. 18, 2015). Plaintiff here alleges discrimination on the basis of his race, not on the basis of his sex.[1] As a result, attorneys' fees are not available under N.Y. Exec. Law § 297.

According to NYCHRL, "[i]n any civil action commenced pursuant to this section, the court, *in its discretion*, may award the prevailing party reasonable attorney's fees, expert fees and other costs." N.Y. City Admin. Code § 8-502 (emphasis added). Because the award of attorneys' fees under the NYCHRL is discretionary, and not mandated by statute, "the fee award may not be considered in determining whether a plaintiff's claim exceeds the jurisdictional minimum." *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 166 F. Supp. 2d 740, 756 (E.D.N.Y. 2001).

Because they are unavailable under one statute and discretionary under the other, I will not consider attorneys' fees in calculating the amount in controversy.

---

[1] Plaintiff does allege that he was retaliated against for complaining to human resources about being shown nude photographs of a woman by his supervisor. However, plaintiff does not allege in either complaint that he was discriminated against on the basis of his sex.

## IV. Compensatory Damages

Finally, defendant seeks to have compensatory damages for plaintiff's pain and suffering in the amount of $20,000 included in the calculation of the amount in controversy. Defendant has not provided any indication of how it arrived at this figure, beyond stating that the range for garden variety pain and suffering is anywhere from $5,000 to $35,000. Notably, the amended complaint in this matter contains only boilerplate allegations of "pain and suffering." Neither the amended complaint nor the notice of removal contained information "specifying the exact nature and extent of [plaintiff's] injuries, or the treatment [he has] received, that would permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied." *Duncan v. Crawford*, 2016 WL 4919891, at *2 (E.D.N.Y. Sept. 14, 2016); *see Herrera v. Terner*, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016); *Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011). Based on the record before me, defendant has not met its burden of showing that there is a reasonable probability that plaintiff would be entitled to damages attributable to pain and suffering totaling $20,000. Regardless, even if I were to accept that figure, it would be insufficient to reach the jurisdictional threshold of $75,000 when added to the amount of back pay.[2]

---

[2] I note that, in advance of the pre-motion conference in this matter, I invited the parties to address *Bader v. Costco Wholesale Corp.*, 2018 WL 6338774 (E.D.N.Y. Dec. 4, 2018). Defendant has since sought to distinguish *Bader* by relying on *Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137 (2d Cir. 2014), which allows a defendant in a Class Action Fairness Act, 28 U.S.C. § 1332(d), ("CAFA") case to remove a case to federal court outside of the two 30-day periods provided in 28 U.S.C. §§ 1446(b)(1) and (b)(3) based on the defendant's own investigation. Defendant also cites to cases where *Cutrone* was applied to a non-CAFA setting, albeit without discussion. *See, e.g., Intelligen Power Sys., LLC v. dVentus Tech. LLC*, 73 F. Supp. 3d 378 (S.D.N.Y. 2014); *Artists Rights Enf't Corp. v. Jones*, 257 F. Supp. 3d 592 (S.D.N.Y. 2017). Because I have found above that, even accepting the argument that defendant can proceed in a non-CAFA case based on its own investigation when the 30-day periods in §§ 1446(b)(1) and (b)(3) have not been triggered, defendant here has not met its burden of proving that the jurisdictional minimum has been met. I therefore need not reach a decision on whether the removal was timely or whether defendant was entitled to remove based on its own investigation.

## CONCLUSION

In sum, defendant has not proven by a preponderance of the evidence that there is a reasonable probability that the amount in controversy at the time the action was removed was greater than the jurisdictional minimum. The court therefore does not have subject matter jurisdiction over this action, and it will be remanded to state court. The parties shall pay their own costs.

The Clerk of Court is directed to remand this case to the Supreme Court of the State of New York, Kings County, Index No. 505663/18.

SO ORDERED.

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

**Dated: April 18, 2019**
         **Brooklyn, New York**